UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES HARMON,

    Plaintiff,

v.

CLARK COUNTY,

    Defendant.

2:08-CV-00151-LRH-LRL

ORDER

    Before the court is Defendant Clark County's Motion for Summary Judgment (#24[1]). Plaintiff Charles Harmon has filed an opposition (#28) to which the County replied (#29). Plaintiff has also filed a "Motion to Allow Hand Filing of Plaintiff's Opposition" (#27).

**I.   Facts and Procedural History**

    This is an employment discrimination and retaliation dispute arising out of Plaintiff's work as a skilled trades worker for the County Detention Facilities Division of the Clark County Finance Department. Plaintiff began his employment with the County in 1999, and in 2001 he was promoted to a Facilities Maintenance Technician. As a Facilities Maintenance Technician, Plaintiff provided maintenance on the plumbing and electrical systems at the County Detention Center. Plaintiff continued in this capacity until his termination in 2006.

---

[1] Refers to the court's docket entry number.

In late February and early March of 2005, Plaintiff took several days off of work because he was feeling pain in his chest. After Plaintiff returned to work on March 3, 2005, the Finance Department asked Plaintiff to provide a Certificate of Fitness. The Department made this request pursuant to a collective bargaining agreement entered into by the Department and the Service Employees International Union, Local 1107. The relevant provision provides, "If an employee's fitness for duty is questioned by the department head or designee, the employee may be required to submit a certificate of fitness." (Def.'s Reply (#29), Ex. M.)

Throughout the month of March, Plaintiff appears to have missed additional days of work. Pursuant to the Finance Department's Time and Attendance Policy, the Department disciplined Plaintiff for his absences in the following ways: (1) an oral warning March 30, 2005, for failure to provide the Certificate of Fitness; (2) an admonishment on March 31, 2005, for being absent from work without prior approval; and (3) a written reprimand on April 1, 2005, for being absent from work without prior approval.

On May 31, 2005, Plaintiff filed a discrimination complaint with the Nevada Equal Rights Commission alleging discrimination based on the Finance Department's request for a Certificate of Fitness. In particular, Plaintiff alleged that he had a disability stemming from a heart attack suffered in 2001, and the Finance Department unlawfully required him to submit a Certificate of Fitness because of his disability. Plaintiff further alleged his supervisor retaliated against him by reducing his responsibilities.

On July 13, 2005, Plaintiff requested authorization from his supervisor to take leave the following day. The supervisor informed Plaintiff that he had exhausted his leave and denied the request. Nonetheless, on July 14, 2005, Plaintiff did not report to work.

As a result of this incident, on July 20, 2005, the Finance Department issued a Final Written Warning to Plaintiff. The Warning cited the Department's Time and Attendance Policy, which requires advanced written approval for all scheduled absences. For all unscheduled absences, the

1   Policy requires the employee to contact his immediate supervisor no later than 15 minutes after the
2   employee's scheduled starting time.  The Warning informed Plaintiff that future violations of the
3   leave policy would result in further discipline up to and including termination.
4         The Finance Department also scheduled a disciplinary meeting for July 20, 2005.  Plaintiff
5   did not attend the meeting.  As a result of Plaintiff's failure to attend, as well as Plaintiff's absence
6   from work on July 20, 2005, the Finance Department placed Plaintiff on administrative leave with
7   pay pending a pre-termination meeting scheduled for early August of 2005.
8         After being placed on administrative leave, Plaintiff availed himself of the County's
9   collectively bargained dispute resolution process.  At a meeting held August 9, 2005, Plaintiff's
10  Final Written Warning was upheld.  However, Plaintiff's termination was rescinded.  The Finance
11  Department warned Plaintiff that, in the future, should he miss work in violation of the Time and
12  Attendance Policy, he would face termination.
13        Plaintiff then returned to work.  In January of 2006, in violation of the leave policy, Plaintiff
14  missed two days of work without receiving prior approval.  As a result, on January 20, 2006, the
15  Finance Department placed Plaintiff on administrative leave pending termination.  On January 27,
16  2006, following a pre-termination meeting, Plaintiff was terminated.
17        Plaintiff challenged his termination internally, and a grievance meeting was held on
18  February 15, 2006.  At the meeting, Plaintiff, who was represented by counsel, and the County
19  discussed a settlement agreement.  As a part of the settlement, the County offered to reinstate
20  Plaintiff, but Plaintiff rejected the settlement offer.
21        On June 13 and 14, 2006, an arbitration was held.  The arbitrator denied Plaintiff's
22  grievance and found the County had just cause to terminate Plaintiff.
23        As a result of his termination, on February 28, 2006, Plaintiff filed an amended Charge of
24  Discrimination with the Nevada Equal Rights Commission, alleging that he was harassed and
25  ultimately discharged in retaliation for filing his original Charge of Discrimination in May, 2005.
26

On August 28, 2007, the Equal Employment Opportunity Commission ("EEOC") found that there was reasonable cause to believe that the County had violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. In particular, the EEOC found, "[T]here is reasonable cause to believe that [the County] subjected [Plaintiff] to harassment by requiring him to undergo a [Certificate of Fitness] exam because it perceived him to be disabled . . . ." (Pl.'s Opp., Ex. 3.) The EEOC further found the following: (1) the County subjected Plaintiff to additional harassment by placing him on unpaid administrative leave to obtain medical documentation supporting his absences; and (2) the County discharged Plaintiff in retaliation for his opposing the discrimination.

## II.  Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*

*Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate.  *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff.  *See id.* at 252.

**III.  Discussion**

In the complaint, Plaintiff alleges ADA-based claims for discriminatory treatment and retaliation.  In particular, Plaintiff's discrimination claim appears to be based on the following two separate allegations: (1) the County subjected Plaintiff to "different treatment and discipline," including placing him on unpaid leave and discharging him, because of his perceived disability; and (2) the County required Plaintiff to undergo a Certificate of Fitness examination because of his perceived disability.  The court will address each of these claims below.

**A. Discrimination**

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  Under the *McDonnell-Douglas* burden-shifting framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination.  *See Raytheon v. Co. v. Hernandez*, 540 U.S. 44, 49-50 (2003) (applying burden-shifting analysis to ADA discrimination claim).  To do so, the plaintiff must demonstrate that he (1) is disabled within the meaning of the ADA, (2) qualified for his position, and (3) suffered an adverse employment

5

action because of his disability. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001) (citation omitted). If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant provides such a justification, the burden shifts back to the plaintiff to show that the defendant's justification is a mere pretext for discrimination. *Id.* at 804.

Here, even assuming Plaintiff can establish a prima facie case of discrimination, Plaintiff has failed to offer evidence rebutting the County's legitimate, nondiscriminatory reason for its conduct. The County's evidence indicates that Plaintiff was placed on unpaid leave and ultimately terminated because of Plaintiff's failure to comply with the Finance Department's Time and Attendance Policy.

The only evidence Plaintiff offers to rebut the County's evidence is the EEOC's reasonable cause determination letter. Although the Ninth Circuit has stated that an EEOC determination letter is a "highly probative evaluation of an individual's discrimination complaint," *Plummer v. W. Int'l Hotels Co*, 656 F.2d 502, 505 (9th Cir. 1981), the court has made clear that an EEOC reasonable cause determination alone does not create a genuine issue of material fact for summary judgment purposes. *Mondero v. Salt River Project*, 400 F.3d 1027, 1215 (9th Cir. 2005) (*citing Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1283-84 (9th Cir. 2000)). Indeed, the determination letter in this case contains no analysis and merely states the EEOC's conclusion.

Accordingly, the court finds that Plaintiff has failed to identify genuine issues of material fact concerning the reasons for his placement on unpaid leave and ultimate termination. Summary judgment with regard to Plaintiff's discrimination claim is therefore appropriate.

**B. Certificate of Fitness Examination**

The EEOC determined that there was "reasonable cause to believe that [the County] subjected [Plaintiff] to harassment by requiring him to undergo a [Certificate of Fitness] exam

because it perceived him to be disabled . . . ." (Pl.'s Opp., Ex. 3.) The ADA prohibits an employer from requiring an employee to undergo a medical examination capable of revealing whether the employee suffered from a disability unless the examination is "shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A); *see also Indergard v. Georgia-Pacific Corp.*, 582 F.3d 1049, 1052-56 (9th Cir. 2009) (citation omitted). "This section applies to all employees, whether or not they are disabled under the ADA." *Indergard*, 582 F.3d at 1052-53 (citation omitted). Thus, while the ADA prohibits "medical examinations" that might reveal disabilities, the ADA nonetheless permits an employer to make an inquiry into whether an employee is capable of performing job-related functions. *Id.* at 1053.

The County claims it employed the Certificate of Fitness examination to determine whether Plaintiff could perform his job functions. However, the only evidence the County cites in support of this contention is Plaintiff's brief deposition testimony describing his job functions, which included providing maintenance on the plumbing and electrical systems at the Clark County Detention Center.[2] It is not clear from this evidence what the specific physical demands of Plaintiff's position were or how Plaintiff's apparent cardiovascular problems may have affected his ability to perform his job. Likewise, the County has not presented any evidence indicating what a Certificate of Fitness examination requires. Without such evidence, it is impossible to determine whether the Certificate of Fitness examination was likely to reveal a disability or "job-related and consistent with business necessity." Accordingly, the court finds that issues of fact remain concerning whether the County required Plaintiff to undergo a "medical examination" in violation of the ADA.[3]

---

[2]The County's motion further states, "Plaintiff's position . . . required him to work around incarcerated individuals." (Def.'s Mot. Dismiss (#24) at 8.) However, the County neither cites any evidence in support of this assertion nor explains how Plaintiff's health might affect his ability to perform this aspect of his job.

[3]The court notes that in arguing to the contrary, the County relies heavily on a collective bargaining agreement authorizing the County to request Certificate of Fitness examinations from County employees. However, while the agreement may help to explain the County's actions, such an agreement does not immunize

**C. Retaliation**

Finally, Plaintiff alleges the county discharged him for filing the Charge of Discrimination with the EEOC. To establish a prima facie case of retaliation under the ADA, the plaintiff must show the following: (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there is a causal connection between the two. *Pardi v. Kaiser Pemanente Hosp., Inc.*, 389 F.3d 840, 849 (9th Cir. 2004) (citation omitted). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to offer a legitimate reason for the adverse employment action. *Id.* If the defendant meets its burden, the burden returns to the plaintiff to demonstrate that the defendant's reason is pretextual. *Id.*

Again, even assuming Plaintiff has established a prima facie case of retaliation, the County has offered a legitimate reason for Plaintiff's termination. In particular, the County presents evidence indicating that it terminated Plaintiff because of his continued failure to comply with the Finance Department's Time and Attendance Policy. To rebut this evidence, Plaintiff offers only the EEOC's reasonable cause determination letter. The letter concluded, "[Plaintiff] was discharged in retaliation for opposing discrimination." (Pl.'s Opp., Ex. 3.)

As discussed above, an EEOC reasonable cause determination alone does not create a genuine issue of material fact for summary judgment purposes. Because Plaintiff has failed to provide additional evidence demonstrating genuine issues of material fact concerning the reasons for his termination, summary judgment on the retaliation claim is appropriate.

IT IS THEREFORE ORDERED that the County's Motion for Summary Judgment (#24) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Motion to Allow Hand Filing (#27) is GRANTED.

IT IS FURTHER ORDERED that the parties shall lodge their proposed joint pretrial order

---

the County from liability under the ADA.

8

within thirty (30) days from entry of this Order.  *See* Local Rules 16-4 and 26-1 (e)(5).

IT IS SO ORDERED.

DATED this 12th day of November, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE